J-S59041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ERIC RIDDICK | |
| Appellant | No. 3480 EDA 2016 |

Appeal from the PCRA Order October 14, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0141361-1992

BEFORE: BENDER, P.J.E., OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED DECEMBER 26, 2017**

Appellant, Eric Riddick, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas dismissing his second Post Conviction Relief Act[1] ("PCRA") petition as untimely.  Appellant argues the PCRA's newly discovered facts exception excuses the untimeliness of his petition.  We affirm.

In June 1992, a jury found Appellant guilty of, *inter alia*, first-degree murder[2] in connection with the shooting death of William Catlett on November 6, 1991.  The trial court sentenced Appellant to life imprisonment. This Court affirmed on direct appeal, and our Supreme Court denied his

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502.

petition for allowance of appeal on May 31, 1995. ***Commonwealth v. Riddick***, 659 A.2d 6 (Pa. Super. 1995) (unpublished memorandum), *appeal denied*, 663 A.2d 689 (1995). Appellant did not appeal to the United States Supreme Court, so his judgment of sentence became final for PCRA purposes at the end of August 1995.

On March 31, 2003, Appellant filed a *pro se* PCRA petition. Counsel was appointed to represent him and filed an amended petition. The Honorable Amanda Cooperman denied PCRA relief on the ground that Appellant's petition was untimely. This Court affirmed, and our Supreme Court denied Appellant's petition for allowance of appeal on January 27, 2009. ***See Commonwealth v. Riddick***, 959 A.2d 467 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 964 A.2d 895 (Pa. 2009).

On October 21, 2009, Appellant filed a second PCRA petition, and the PCRA court appointed counsel to represent Appellant. On October 31, 2012, William Conrad, a forensic firearms examiner, submitted an expert report to Appellant's counsel opining that Appellant did not fire the shots that killed the victim. On May 17, 2013, counsel filed an amended petition claiming that Conrad's report constituted newly discovered fact of Appellant's innocence. In addition, Appellant alleged that Shawn Stevenson, the only eyewitness to the crime, had recanted, and that a second witness, Robert Gordon, had come forward alleging that Appellant was not one of the shooters. Appellant's petition included Gordon's affidavit signed on February

22, 2013, more than sixty days before the counsel filed an amended petition.

On February 15, 2015, Judge Cooperman determined that the newly discovered facts exception to the PCRA time-bar applied and granted Appellant a hearing limited to his ballistic evidence claim. Judge Cooperman granted a hearing out of concern that the ballistic evidence appeared to exclude Appellant as a shooter. The bullets entered the victim's body on an upward trajectory, but Appellant allegedly was positioned on a balcony, fifteen feet **above** the victim, so any bullets that he fired would have had a downward trajectory.

Judge Cooperman recused herself, and the case was re-assigned to the Honorable Jeffrey Mineheart. On October 31, 2016, following an evidentiary hearing, Judge Mineheart issued an order denying PCRA relief. Judge Mineheart held a **Grazier**[3] hearing, determined that Appellant's waiver of counsel was knowing, voluntary, and intelligent, and dismissed PCRA counsel from the case. This timely *pro se* appeal followed.

Judge Mineheart issued his Pa.R.A.P. 1925 opinion without ordering Appellant to file a statement of matters complained of on appeal. In his opinion, Judge Mineheart expressly disagreed with Judge Cooperman's prior order that the newly discovered facts exception to the PCRA applied. In his

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

view, Appellant's PCRA petition was time-barred. PCRA Ct. Op., 12/12/16, at 3-7.

Appellant raises the following issues in this appeal, which we re-order for purposes of convenience:

> (a). Did the PCRA court commit error by dismissing Appellant's second petition for post[-]conviction relief as untimely [and by] adjudicating that [the] ballistic expert's report was not a new fact and thus did not fit within the [newly discovered fact] exception [to the PCRA's one year statute of limitations][?]
>
> (b). Did the PCRA court commit error by reversing the reasoned order/adjudication of its predecessor judge (Judge Amanda Cooperman) of coordinate jurisdiction, where neither [the] facts nor [the] law had changed[?]
>
> (c). Was PCRA counsel ineffective for failing to be prepared at the evidentiary hearing [and] failing to effectively extrapolate with clarity the exculpatory scientific facts of the forensic expert's testimony and report[?]
>
> (d). Was appointed PCRA counsel, Barnaby C. Wittels, ineffective for disregarding Appellant's directions to appeal the arbitrary recusal of Judge Amanda Cooperman[?]
>
> (e). Did the PCRA court commit error by failing to hold an evidentiary hearing of the newly discovered fact (i.e. court document/witness and exhibit list) upon which trial counsel's failure to present [an] alibi claim was predicated[?]
>
> (f). Did the PCRA court commit error and abuse its discretion when it failed to address, consider and adjudicate on record, Appellant's oral challenge to the constitutionality of the 1991 amendments to the [PCRA statute] and the restrictions therefrom[?]
>
> (g). Did the PCRA court commit error and abuse its discretion when it failed to hold an evidentiary hearing on the Stevenson affidavit/recantation and counsel Wittel's

- 4 -

declaration that on November 8, 2012, Stevenson came to his law office and reiterated his retraction, providing new facts with specific[ity][?]

(h). Did the PCRA court commit error when it dismissed Appellant's issue regarding the Robert Gordon affidavit without the benefit of an evidentiary hearing[?]

(i). Did the PCRA court commit error and abuse its discretion when it failed to properly address the multiple on-record assertions by Appellant that he was not being represented by appointed counsel to [the] level of effectiveness[?]

(j). In light of the extraordinary circumstances of this case, did the PCRA court commit error by not activating its inherent power to further inquire into the record and intertwining issue[s] relevant to [a] *prima facie* showing a miscarriage of justice "may" have occur[red], adjudicating on the overwhelming indications of actual innocence[?]

Appellant's Brief at 2-3 (with grammatical revisions).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final[.]" ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted). Pursuant to 42 Pa.C.S. § 9545(b)(3), "[a] judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time seeking such review." ***Commonwealth v. Jones***, 54 A.3d 14, 17 (Pa. 2012) (citations omitted).

A petitioner who files a PCRA petition beyond the one-year time limit must plead and prove one of the three exceptions to the PCRA timeliness requirements. ***Commonwealth v. Johnston***, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition" (citation omitted)). These three exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or

the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition invoking one or more of these exceptions must be "filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *Copenhefer*, 941 A.2d at 648.

We review the first two issues together, because they concern the same question: whether the PCRA court erred by concluding that the October 31, 2012 expert report of forensic firearms examiner William Conrad was not newly discovered fact. We hold that the PCRA court made the correct decision.

Conrad stated at the beginning of his three-page report that he reviewed (1) a police report from the date of the victim's death, (2) a postmortem report of the medical examiner, (3) photocopies of crime scene photographs, (4) diagrams of the crime scene and the victim, and (5) the transcript from Appellant's trial. The report did not claim that any of these documents were unavailable, or outside the public domain, at the time of trial in 1992. To the contrary, the record demonstrates that the trial court admitted the first four items as exhibits into evidence during trial. The trial transcript was prepared following trial.

Conrad opined that the ballistics evidence demonstrated that Appellant did not fire the shots that killed the victim, because Appellant allegedly was fifteen feet above the victim, yet the bullets entered the victim's body on an

upward trajectory. Appellant's Brief, exhibit A ("Conrad's report"). Conrad further observed that trial testimony indicated that Appellant was in possession of a rifle, yet none of the bullets came from a rifle. *Id.* More specifically, according to Conrad, (1) the medical examiner found .32 and .22 caliber bullets in the victim's body; (2) the .32 caliber bullets could only come from a revolver, not a rifle; (3) had a .22 caliber rifle been fired, police would have recovered .22 caliber cartridge cases at the crime scene; and (4) the police did not recover any .22 caliber cartridge cases, so the .22 caliber bullets came from a revolver, not a rifle.

Although Conrad's report makes interesting—and perhaps compelling—points, we are constrained to deny Appellant relief in view of two recent decisions: ***Commonwealth v. Edmiston***, 65 A.3d 339 (Pa. 2013), and ***Commonwealth v. Smallwood***, 155 A.3d 1054 (Pa. Super. 2017). In ***Edmiston***, the defendant argued that his PCRA petition was timely because he filed it within sixty days after publication of a National Academy of Science report detailing the imprecision of microscopic hair analysis. Our Supreme Court held that the PCRA petition was untimely, and that the newly discovered fact exception did not apply, because the information on which the report rested had been in the public domain for years before the report. ***Edmiston***, 65 A.3d at 352. In order for a study to satisfy the newly discovered fact exception, the Court said, the information "may not be part of a public record." *Id.* (citation omitted). Moreover, the defendant must

allege and prove previously unknown "facts," not merely a "newly discovered or newly willing source for previously known facts." *Id.* (citation omitted).

In **Smallwood**, the defendant was convicted of arson and first-degree murder in 1973. Forty years later, in 2014, the defendant moved for PCRA relief on the basis of an expert opinion that the Commonwealth's evidence failed to prove arson under national fire protection standards ("the NFPA standard") adopted in 1992 and revised several times thereafter. The defendant first learned of this standard in 1999 and then "spent immense time and effort over the next fifteen years attempting to find evidence of the construction of the subject building so that her expert could offer an alternative theory as to the cause of the fire." **Smallwood**, 155 A.3d at 1063. The PCRA court granted the defendant a new trial, but this Court reversed.

While we acknowledged that the NFPA standard was a new fact that the defendant could not have discovered at the time of trial, we held that she waited too long to request relief on the basis of this fact:

> This case is deeply troubling on several levels. There is no doubt in this Court's opinion that the expert currently retained would give an opinion that the fire that occurred on August 29, 1971 was of undetermined origin. From the evidence available and the current state of "fire science," it is likely that the Commonwealth's expert might well concede that fact. It seems axiomatic that a jury hearing [the defendant's] statements and the evidence in light of the uncertainty of the origin of the fire might well reach a different conclusion as to [her] guilt than that determined by the original jury who heard [the Commonwealth's expert] testimony that the fire was of incendiary origin.

What remains incomprehensible is why [the defendant], who clearly knew about the advancements in fire science as early as 1999, waited until March 14, 2014, to file a petition for post-conviction relief based upon this new fact. Even her own expert opines that the 2014 version of the NFPA is a refinement rather than a revision of the 1992 NFPA, so the fact relied upon by [the defendant] was in the public domain as early as 1992 and [the defendant] knew of it in 1999. [The defendant] did not file her petition within 60 days of the 1999 occurrence. Our focus is not on the date the expert published his opinion, but on the [defendant's] "reasonable efforts" to bring forth the newly discovered fact of the NFPA 921 standards based on the information that was publicly available and accessible to her, and any number of experts, for years.

*Id.* at 1070 (footnote omitted).

In view of ***Edmiston*** and ***Smallwood***, we are constrained to conclude that Appellant cannot obtain relief on the basis of Conrad's expert report. This case, like ***Smallwood***, is deeply troubling, since Conrad's report points out that the case against Appellant is difficult, if not impossible, to reconcile with the ballistics evidence. Unfortunately, it is clear that all information used by Conrad was in the public domain at the time of trial in 1992.[4] Like the experts in ***Edmiston*** and ***Smallwood***, Conrad was nothing more than a "newly willing source for previously known facts." ***Edmiston***, 65 A.3d at 352. Thus, Appellant did not demonstrate due diligence in seeking PCRA relief on the basis of this evidence.

---

[4] Neither does Conrad's methodology appear to be new or different. Conrad merely applies sound logic to an existing set of facts.

Appellant complains that the coordinate jurisdiction doctrine prohibited Judge Mineheart from overruling Judge Cooperman's ruling that Appellant's PCRA petition was timely. It is well settled, however, that an appellate court can affirm the PCRA court on any ground. *See Commonwealth v. Judge*, 916 A.2d 511, 517 n. 11 (Pa. 2007). It is equally clear that we may *sua sponte* determine whether a PCRA petition is timely. *See Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000). Thus, even if the coordinate jurisdiction rule applies, we have the authority to affirm Judge Mineheart's order for any reason appearing in the record. As discussed above, the record makes plain that Conrad's report does not constitute newly discovered fact.

Before turning to Appellant's remaining arguments, we note that the defendant in *Smallwood* has appealed to the Supreme Court, which has yet to rule on her petition for allowance of appeal. Conceivably, the Supreme Court's decisions in *Smallwood* might change the law in this area. At present, however, we have no choice but to deny Appellant's argument under the existing law.

In his third argument, Appellant argues that PCRA counsel provided ineffective assistance by failing to prepare for the PCRA evidentiary hearing and failing to present exculpatory facts within Conrad's testimony and report. No relief is due for two reasons. First, this Court has held that "absent recognition of a constitutional right to effective collateral review

- 11 -

counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." ***Commonwealth v. Ford***, 44 A.3d 1190, 1201 (Pa. Super. 2012). Because Appellant did not raise PCRA counsel's alleged ineffectiveness before filing his appeal, he cannot raise it in this Court. ***Id.*** Second, as discussed above, Conrad's report and testimony is not newly discovered fact and therefore does not entitle Appellant to relief.

In his fourth argument, Appellant contends that PCRA counsel was ineffective for failing to object to Judge Cooperman's recusal. Once again, Appellant did not raise this issue before filing his appeal, so he cannot raise it in this Court. ***Id.***

In his fifth argument, Appellant contends that trial counsel was ineffective for failing to call three alibi witnesses during trial. Appellant claims to have discovered this fact through review of the witness and exhibit list prepared during trial. He further claims that the witness and exhibit list is newly discovered fact. We disagree. The witness and exhibit list has been in the trial record since trial in 1992. Appellant fails to explain why he did not raise a claim of ineffectiveness on the basis of the witness and exhibit list until the present stage of this case, two decades after his judgment of sentence became final. Thus, this argument is time-barred. ***See*** 42 Pa.C.S. § 9545(b)(1)(ii) (newly discovered fact exception to PCRA's statute of limitations is not fulfilled unless petitioner demonstrates that "the facts upon

which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence").

Sixth, Appellant argues that the PCRA court erred by denying his verbal challenge to the constitutionality of the PCRA's statute of limitations during his evidentiary hearing. To begin with, Appellant waived this issue by failing to plead it in his amended PCRA petition. **See** 42 Pa.C.S. § 9543(a) (to be eligible for relief under PCRA, petitioner must both "plead and prove" all requisites for relief). In any event, our Supreme Court has held that the PCRA's statute of limitations is constitutional. **See Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004). Thus, no relief is due.

Seventh, Appellant argues that the PCRA court erred by failing to hold an evidentiary hearing relating to the recantation of Shawn Stevenson. Stevenson identified Appellant as the gunman at trial but signed an affidavit in 1999 averring that he lied on the stand. This issue was previously raised in Appellant's first PCRA petition but rejected by the PCRA court. This Court affirmed the order dismissing the first PCRA petition. **See Riddick**, 959 A.2d at 467. Accordingly, this issue is barred as previously litigated. **See** 42 Pa.C.S. § 9544(a)(3) (issue is "previously litigated" if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence").

Eighth, Appellant argues that the PCRA court erred by failing to hold an evidentiary hearing relating to Robert Gordon, who signed an affidavit on

February 22, 2013 stating that he saw two men shoot the victim, neither of whom were Appellant.[5]  This argument is time-barred, because Appellant did not file his amended PCRA petition based on this affidavit until May 17, 2013.  **See** 42 Pa.C.S. § 9545(b)(1)(iii), (2) (claim of newly discovered fact must be filed "within 60 days of the date the claim could have been presented").

Ninth, Appellant argues that the PCRA court failed to address his assertions on the record that PCRA counsel was providing ineffective assistance.  To succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice.  **Commonwealth v. Pierce**, 786 A.2d 203, 213 (Pa. 2001).  Appellant's brief makes clear that he accuses PCRA counsel of ineffective assistance merely because Appellant and counsel were arguing at one point during the PCRA evidentiary hearing.  Appellant's Brief at 34-35.  Since this does not demonstrate arguable merit, Appellant's claim fails.

Finally, Appellant argues that the PCRA court erred by failing to consider "extraordinary circumstances" such as "overwhelming indications of

---

[5] Gordon averred that he did not come forth sooner with this information because he "was so young at the time [that his] mother didn't want [him] getting involved with it because she feared for [his] life."  Appellant's Brief, exhibit Q.

actual innocence." Appellant's Brief at 3. However, claims of miscarriage of justice or actual innocence do not constitute an exception to the PCRA's timeliness requirements. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).

For these reasons, the PCRA court properly denied Appellant's amended PCRA petition.

Order affirmed.

Judge Ott Joins the Memorandum.

P.J.E. Bender files a Concurring Statement in which Justice Fitzgerald joins.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/26/2017*